IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN THOMAS TELLO, # 1289623, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 3:07-CV-0535-L |
| | ) | ECF |
| NATHANIEL QUARTERMAN, Director, | ) | |
| Texas Department of Criminal Justice, | ) | |
| Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a *pro se* petition for habeas corpus relief brought by a state prisoner pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is currently confined within the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ-CID). Respondent is the Director of TDCJ-CID. The Court has not issued process to Respondent in this case, pending preliminary screening. On July 27, 2007, the Magistrate Judge issued a questionnaire to Petitioner, who filed his answers on August 10, 2007.

Statement of the Case: Petitioner entered negotiated guilty pleas to two indecency with a child offenses, and one possession of a child pornography offense in the 382nd Judicial District Court of Rockwall County, Texas, in Cause Nos. 2-03-279-, 2-03-280, and 2-03-451. Pursuant to the plea agreements, the trial court deferred adjudicating guilt and placed Petitioner on a five-

year term of community supervision in each case. The State later moved to adjudicate guilty, alleging Petitioner had violated the conditions of his community supervision. Following a hearing, the trial judge adjudicated Petitioner guilty and sentenced him to seven years confinement in each case. The court of appeals dismissed his direct appeals for want of jurisdiction. *See Tello v. State*, Nos. 05-05-00368-CR, 05-05-00369-CR, and 05-05-00370-CR (Tex. App. – Dallas Oct. 17, 2005, pet. ref), http://www.courtstuff.com/FILES/05/05/05050368.HTM. The court found that any challenge to the underlying guilty plea was untimely, and that any challenge to the trial court's decision to adjudicate guilty was not permitted. *Id.* The Texas Court of Criminal Appeals refused his petitions for discretionary review on March 29, 2006. *Id.*

Thereafter, Petitioner filed this federal petition on March 26, 2007.[1] He seeks to challenge the revocation of his community supervision also known as deferred adjudication probation. He raises the following grounds:

(1) the revocation of supervision proceeding was improperly instituted as a result of retaliation and malicious prosecution (grounds 1);
(2) the State lacked standing to request revocation of Petitioner's community supervision (grounds 2);
(3) the State lacked any evidence that Petitioner had breached the terms of his community supervision in connection with (a) "the two zone issues," (b) "dismissal from counseling," and (c) the element of possession (grounds 3-5);
(4) the adjudication of guilt and sentencing proceeding violated the Due Process Clause and the Sixth Amendment (ground 6); and
(5) Statutory challenges to art. 42.12, Texas Code of Criminal Procedure, (grounds 7-11):

---

[1] Pursuant to *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998), a federal petition is deemed filed for determining application of the AEDPA when the prisoner tenders it to prison officials for mailing. Here a friend of Petitioner filed the petition in person. As a result, the mailbox rule is inapplicable. *See Cousin v. Lensing*, 310 F.3d 843, 847 n. 2 (5th Cir. 2002) (noting that other circuits have declined to apply the mailbox rule to prisoner litigants who employ non-attorney intermediaries to file federal petitions).

(a) Compelled disclosure provisions violated HIPAA and Due Process Clause;
(b) Permitting probation officer to practice medicine without license violates HIPAA and Due Process Clause;
(c) Conduct of probation officer and counselor violated Due Process Clause;
(d) Terms of supervision did not define crimes and, thus, violated separation of power, due process and six amendment doctrines; and
(e) deferred adjudication process violated separation of power, due process and sixth amendment doctrines.[2]

Findings and Conclusions: This action is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which provides in pertinent part that a state prisoner must exhaust all available state court remedies before a federal court will consider the merits of his claims. 28 U.S.C. § 2254(b) and (c) (West 2007); *Rhines v. Weber*, 544 U.S. 269, 274, 125 S.Ct. 1528, 1533 (2005). The exhaustion requirement is designed to "protect the state court's role in the enforcement of federal law and prevent the disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518, 102 S. Ct. 1198, 1203 (1982); *see also Rhines*, 544 U.S. at 274. Exhaustion of state court remedies "is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004) (quoting *Mercadel v. Cain,* 179 F.3d 271, 275 (5th Cir. 1999)). A Texas prisoner may satisfy that requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or in an application for a state writ of habeas corpus pursuant to Tex. Code Crim. Proc. art. 11.07. *Whitehead v. Johnson*,

---

[2] Petitioner concedes that he is not seeking to challenge the order revoking his appeal bonds, imposed after the trial court adjudicated him guilty and sentenced him to seven years imprisonment in each of his three cases. *See* July 18, 2007 Summary/Supplement; *see also State of Texas v. Tello*, 3:05cv1049 (N.D. Tex., Dallas Div., Jun. 21, 2005) (remanding to state court Tello's attempt to remove the bond revocation proceeding to federal court and to obtain habeas relief), *dismissing appeal for want of jurisdiction* No. 05-10914 (5th Cir. Apr. 17, 2007).

157 F.3d 384, 387 (5th Cir. 1998); *Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson v. Procunier*, 762 F.2d 429, 430-32 (5th Cir. 1985).

A review of the petition and the response to the Magistrate Judge's questionnaire reflects that Petitioner has not satisfied the exhaustion requirement. His direct appeal was dismissed for want of jurisdiction, and he concedes filing no art. 11.07 application challenging the revocation of his community supervision. The Texas Court of Criminal Appeals has, thus, not had an opportunity to consider the merits of Petitioner's claims. The fact that Petitioner believes the "state habeas [process] would be a complete waste of time, money and energy" does not absolve him from the exhaustion requirement. (*See* Pet's Answer to Question 1). Accordingly, the petition for a writ of habeas corpus should be dismissed without prejudice for failure to exhaust state court remedies.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the petition for a writ of habeas corpus be DISMISSED without prejudice for failure to exhaust state court remedies, *see* 28 U.S.C. § 2254(b) and (c).

A copy of this recommendation shall be mailed to Petitioner.

Signed this 13th day of September, 2007.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE
In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this

4

recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.